UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
STERLING BADGER,                        )
                                        )   No. C06-695RSL
            Plaintiff,                  )
    v.                                  )   ORDER REGARDING
                                        )   DEFENDANT'S MOTION
ATHERTON CONSTRUCTION, INC.,            )   TO DISMISS
                                        )
            Defendant.                  )
_____)

      This matter comes before the Court on "Defendant's Motion to Dismiss Pursuant to FRCP 37, FRCP 41 and Local Civil Rule 41(b)(2)" (Dkt. #19).  On March 27, 2007, by stipulation, the Court granted plaintiff's counsel leave to withdraw and ordered that all further pleadings, correspondence, discovery and other materials be directed to plaintiff at his Spokane Valley address until he obtained replacement counsel.  See Dkt. #17 (Order on Joint Stipulation regarding Attorney Kimbrough Withdrawal).  Since March 27, 2007, however, defendant has been unable to contact plaintiff at his Spokane Valley address.  As a result, defendant now moves to dismiss this case under Fed. R. Civ. P. 37 because plaintiff failed to appear for his deposition, or for dismissal under Fed. R. Civ. P. 41 for failure to prosecute.  See Dkt. #19 at 2. Alternatively, defendant moves for an order directing the Court to send notice to plaintiff that the Court will dismiss this action within sixty days unless plaintiff enters an appearance *pro se* and advises the Court of his current address.  See id.

ORDER REGARDING DEFENDANT'S
MOTION TO DISMISS

The Court declines to exercise its discretion to dismiss this matter under Fed. R. Civ. P. 37 because there is no showing that plaintiff actually received the deposition notice. Dismissal under Local Civil Rule 41(b)(1) is also not appropriate at this time because the case has not "been pending in this court <u>for more than one year</u> without any proceeding of record having been taken." Id. (emphasis added). Furthermore, Local Civil Rule 41(b)(1) requires that the Court give plaintiff an opportunity to show cause before dismissing the case.

However, given that plaintiff has failed to appoint counsel or advise the Court of his current address since the Court granted his counsel's leave to withdraw on March 27, 2007, the Court grants defendant's requested relief to note a dismissal proceeding under Local Civil Rule 41.[1] See Dkt. #17. The Clerk of Court is directed to note a "Rule 41 dismissal proceeding" on the Court's calendar for January 11, 2008. If plaintiff fails to notify the Court and defendant of plaintiff's current address by **January 11, 2008**, the Court will dismiss the action for failure to prosecute under Local Civil Rule 41(b)(2). The Clerk of Court is directed to send a copy of this order to plaintiff's last known address:

> Sterling Lynn Badger
> c/o Terri Woodward
> 8223 E. Carlisle Ave.
> Spokane Valley, WA 99212

DATED this 6th day of November, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

---

[1] Local Civil Rule 41(b)(2) provides, in part: "A party proceeding pro se shall keep the court and opposing parties advised as to his current address. . . . [I]f such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute."

ORDER REGARDING DEFENDANT'S
MOTION TO DISMISS                    -2-